### ELLIOT vs. COX.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The defendant, sued as the surety on a bond for obtaining an injunction, which was afterwards dissolved, denied that any

*The surety on an injunction bond cannot resist payment on the ground that the plaintiff did not record his judgment.*

An *alias fi.
fa.* does not
operate a dis-
contisuance
of the original
writ of execu-
tion.

The esti-
mation ofpro-
perty seized
in execution,
does not pre-
clude the cre-
ditor from
shewing its
real value in
a suit against
the surety.

thing occurred as a breach of the condition; and averred that if any thing did, the loss was sustained by the plaintiff's own neglect, who is thereby disabled from subrogating the defendant to the plaintiff's rights, mortgages and privileges.

The plaintiff had judgment, and the defendant appealed.

His counsel urges that the surety is in this case discharged, because "by the act of the creditor the subrogation to his rights, mortgages and privileges, can no longer be operated in favor of the surety." *Civil code,* 432, *art.* 22—*new code,* 3030.

This is contended to be the case, because,

1. The plaintiff neglected to record his judgment.

2. The *fi. fa.* stayed by the injunction, was a lien or privilege on the personal estate of the principal, which the injunction did not destroy, although it suspended the sale. This lien or privilege was lost by the act of the plaintiff in discontinuing the first *fi. fa.* by suing out a new one or *alias.*

We do not think that the surety may, in this case, avail himself of the plaintiff's neglect to record his judgment, because the for-

mer interfered, or assisted the principal in interfering with the sale, at a period when the plaintiff had not acquired the lien or privilege the registry might have given.

Neither can we imagine that by an *alias*, or *pluries fieri facias*, the first suit is discontinued—if any property has been seized under it, the seizure may take place without the *alias* issuing, and we cannot see how the *alias* may prevent it—the *alias* are used to authorise the seizure of other property, when that originally seized proves insufficient. Neither the *alias* nor the *pluries* affect any right acquired by the plaintiff under the original *fi. fa.*

The record shews the seizure of the plaintiff's house and lots, of sufficient value to satisfy the plaintiff; the dissolution of the injunction, on the issuing which the surety was bound; and that finally, the United States absorbed all the principal's property, so that the plaintiff can no longer expect payment, except from the surety.

Our attention is drawn to a bill of exceptions taken by the surety's counsel, to the opinion of the court, admitting parol evidence of the value of the house and lot

seized, and of the possession of several slaves by the principal

The evidence offered of the value of the property, is opposed as contradicting the appraisement subsequent to the seizure. As this appraisement would not be binding on the surety, we think he cannot avail himself of it, in such a manner as to preclude the plaintiff from showing it was too low.

The evidence of the possession of several slaves, is opposed as irrelevant. The case was not tried by a jury, and if the evidence be really irrelevant, we need not be bound by it; it would be a waste of time and money to remand the case for a new trial without this evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs in both courts.

*Preston* for the plaintiff, *Strawbridge* for the defendant.